RECORD NO. 12-4524

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## JACOB IVAN HILL,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

————————

### BRIEF OF APPELLANT

————————

**D. Baker McIntyre, III**
ATTORNEY AT LAW
**200 East Woodlawn Road, Suite 118**
**Charlotte, North Carolina  28217**
**(704) 522-8001**

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................ ii

APPELANT COUNSEL'S BRIEF PURSUANT TO
<u>ANDERS V. CALIFORNIA</u>, 386 U.S. 738 (1967) ....................................... 1

STATEMENT OF JURISDICTION ............................................................. 2

STATEMENT OF ISSUE ............................................................................ 3

STATEMENT OF THE CASE ..................................................................... 4

STATEMENT OF FACTS ......................................................................... 6

SUMMARY OF ARGUMENT ...................................................................11

ARGUMENT PURSUANT TO
<u>ANDERS V. CALIFORNIA</u>, 386 U.S. 738 (1967) ..................................... 12

      Statement of Applicable Standard of Review..................................... 12

      Discussion of Issues ......................................................................... 12

            Whether the District Court properly violated the
            Defendant for a Class A Violation as the State of North
            Carolina proceeded against the Defendant with
            misdemeanor charges which would result in a Grade C
            Violation? ................................................................................. 13

CONCLUSION........................................................................................ 19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

CASES

Abbate v. United States,
    359 U.S. 187 (1959) ........................................................................ 15

Anders v California,
    386 U.S. 738 (1967) ..................................................... 1, 11, 12

Black v. Romano,
    471 U.S. 606 (1985) ........................................................................ 15

Gagnon v. Scarpelli,
    411 U.S. 778 (1973) ........................................................................ 15

United States v. Iaquinta,
    674 F.2d 260 (4th Cir. 1982) ............................................... 15

United States v. Meeks,
    25 F.3d 1117 (2d Cir. 1994) ................................................. 16

United States v. Musgrove,
    581 F.2d 406 (4th Cir. 1978) ............................................... 15

United States v. Simmons,
    635 F.3d 140 (4th Cir. 2011) ............................................... 18

STATUTES

18 U.S.C. § 922(g) ....................................................................... 4

18 U.S.C. § 3231 .......................................................................... 2

18 U.S.C. § 3583(e)(3) ....................................................... 16, 17

18 U.S.C. § 3742 .......................................................................... 2

28 U.S.C. § 1291 .......................................................................... 2

N.C. Gen. Stat. § 14-32 ............................................................................... 17

N.C. Gen. Stat. § 14-39 ............................................................................... 18

**<u>GUIDELINE</u>**

U.S.S.G. § 7B1.4 ........................................................................................ 18

<u>APPELLANT COUNSEL'S BRIEF PURSUANT TO
ANDERS V. CALIFORNIA, 386 U.S. 738 (1967)</u>

Now comes D. Baker McIntyre III, counsel of record for Jacob Hill,

and files this brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct

1396, 18 L. Ed. 2d 493 (1967).

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over this Federal criminal case pursuant to 18 U.S.C. § 3231. This appeal is from a final judgment of the District Court entered on July 2, 2012. The notice of appeal was filed in the District Court on June 26, 2012. Jurisdiction is based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

<u>STATEMENT OF ISSUE</u>

WHETHER THE DISTRICT COURT PROPERLY VIOLATED THE
DEFENDANT FOR A CLASS A VOLATION AS THE STATE OF NORTH
CAROLINA PROCEEDED AGAINST THE DEFENDANT WITH
MISDEMEANOR CHARGES WHICH WOULD RESULT IN A GRADE C
VIOLATION?

<u>STATEMENT OF THE CASE</u>

The Defendant, Jacob Hill, pleaded guilty on July 6, 2006 to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The District Court sentenced him on April 13, 2007 to a 44 month term of imprisonment followed by a three year term of supervised release.

On November 30, 2010, prior to completion of his 36 month term of supervised release, Jacob Hill entered into a voluntary agreement to modify the terms of his supervised release to require him to complete at least 150 hours, but no more than 300 hours of community service as Mr. Hill had submitted a urine specimen which returned positive results for marijuana in addition to remaining unemployed and failing to make payments towards his court appointed counsel fees. On June 6, 2011, Jacob Hill again entered an agreement to modify the terms of his supervised release to require him to submit to home detention with electronic monitoring for a period of two months as the Defendant tested positive for the use of cocaine on May 19, 2011.

On March 22, 2012, a Petition was filed with the District Court asking the Court to issue a warrant for Mr. Hill's arrest and recommending the Defendant's term of supervised release be revoked. In particular the Petition alleged a new law violation occurred on March 14, 2012 in Charlotte,

Mecklenburg County, North Carolina, as the Defendant was to be charged by the State of North Carolina with assault with a deadly weapon with intent to kill inflicting serious injury and first degree kidnapping, both of which would constitute Grade A violations.  (Sup. Rel. Petition p. 1).

On June 18, 2012 the District Court revoked Mr. Hill's supervised release imposing a 24 month term of imprisonment followed by 12 months of supervised release.  (Judg. p. 2).  This sentence was imposed as the District Court found Mr. Hill violated the terms of his supervised release by committing a Grade A violation which resulted in a guideline sentencing range of 24 to 30 months imprisonment however limited by the statutory maximum term of imprisonment of 24 months.

## STATEMENT OF FACTS

On March 22, 2012, the Probation Office for the United States District Court for the Western District of North Carolina filed a report recommending the Court revoke Mr. Hill's supervised release because he had violated a condition.  The report described the violation as follows:

> Violation One:    The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on March 14, 2012, the Defendant was involved in an incident in which he severely beat an individual and drug him around a store against his will.  The Defendant was arrested by Charlotte-Mecklenburg Police on March 21, 2012, and charged with assault with deadly weapon with intent to kill inflicting serious injury and first degree kidnapping.  Grade A. (Sup. Rel. Petition p. 1).

Based upon these allegations, the Court conducted a hearing regarding the alleged violation on June 18, 2012.  At the hearing, Mr. Hill denied violating the condition alleged by the United States Probation Office.  The Defendant indicated if there is a violation it would be Class C as opposed to the filed Class A violation filed.  (Sup. Rel. trans. pp. 3-4).  The District Court conducted a hearing to determine whether Mr. Hill had violated a term of his supervised release and if so what sentence to impose.

At the Supervised Release Hearing, the Government called Charlotte- Mecklenburg Police Department Officer Susan Martin to testify as to the conducted alleged in the violation occurring on June 14, 2012 in

Charlotte, North Carolina.  Officer Martin related video footage of an incident at the Marathon Gas Station, located at 1419 West Trade Street in Charlotte, North Carolina, existed providing various camera angles.  Officer Martin testified the video footage indicated an assault with deadly weapon and kidnapping occurred on March 14, 2012.  (Sup. Rel. trans. pp. 6-7).

Officer Martin testified the video showed an individual arrived at the gas station at approximately 12:50 a.m., purchased a beer and proceeded to the front of the store.  Officer Martin stated while the victim was standing outside the store he was assaulted by two males, one of which had a gun.  (Sup. Rel. trans. p. 9).  Officer Martin testified it was determined the individuals who assaulted the victim were Noskahere Williams and the Defendant Jacob Hill.  (Sup. Rel. trans. p. 10).

Officer Martin testified the victim standing in front of the store was not being aggressive in any manner when the two males, one of which was the Defendant, approached the victim.  Upon approaching the victim, Officer Martin testified the video showed Mr. Hill hit the victim in the face.  (Sup. Rel. trans. p. 10).  This action was followed by Mr. Williams hitting the victim in the face with a firearm.  After striking the victim, the firearm magazine flew out and landed in the parking lot.  (Sup. Rel. trans. p. 13).  Mr. Williams retrieved the firearm magazine while Mr. Hill held the victim.

When Mr. Williams returned, Mr. Hill dragged the victim to the side of the building with Mr. Williams assisting with the gun in the victim's face. (Sup. Rel. trans. p. 16). Once the victim was dragged to the side of the building, Mr. Hill is seen jumping. (Sup. Rel. trans. p. 17).

Through Charlotte-Mecklenburg police investigation, Mr. Hill was arrested and interviewed. During the interview, Mr. Hill admitted approaching the victim and throwing the first punch striking the victim. (Sup. Rel. trans. p. 11). Officer Martin further testified the Defendant stated he kicked the victim in the head. (Sup. Rel. trans. p. 17). At the hearing evidence was admitted by the Government providing victim photographs after the incident occurred. These photographs represented the victim the day after the incident showing stitches above the right eye along with a swollen face. (Sup. Rel. trans. p. 18).

At the conclusion of the Government's evidence the Defendant Jacob Hill elected to testify as what occurred on the night of March 14, 2012. Mr. Hill indicated he picked up Mr. Williams and proceeded to the store to purchase gas. Mr. Hill testified that after pulling up to the gas pump Mr. Williams got out of the vehicle and walked to the victim. Mr. Hill indicated he walked over asking what was going on when the victim indicated "I'll murder you," or something, "murder you too." (Sup. Rel. trans. p. 37). Mr.

8

Hill testified he took this as a threat as he had been shot when he was 14 years old and being unsure of the circumstances subsequently punched the victim in the face with his fist.  (Sup. Rel. trans. pp. 37-38).  While this occurred, Mr. Hill had a gas cap in his other hand.  Mr. Hill stated he did not strike the victim a second time or with the gas cap.  (Sup. Rel. trans. pp. 38-39).  Mr. Hill testified he then spoke to a guy in the store who told him to get the victim from in front of the store.  (Sup. Rel. trans. p. 40).  Mr. Hill testified he took the victim around to the side of the store with Mr. Williams, but during the time did not know Mr. Williams had a gun or weapon in the victim's face.  (Sup. Rel. trans. p. 41).  Mr. Hill then went on to state that once he had gone around to the side of the store he jumped one time as the victim was reaching for something.  (Sup. Rel. trans. p. 44).

During the hearing, Mr. Hill testified he did not stomp on the head of the victim and did not jump up and down on the victim's head.  He testified that once around the corner, he just threw the victim out of his arms.  Mr. Hill testified that during the incident he did strike the victim, but only after being threatened.  Further he testified he did not strike the victim a second time as it was his belief the victim was no longer a threat.

At the conclusion of the hearing, the District Court allowed arguments.  Based upon testimony during the supervised revocation hearing

the District Court revoked Mr. Hill's supervised release. Based upon the conduct the Court determined Mr. Hill had committed a violation placing him in a 24 to 30 month guideline range. (Sup. Rel. trans. p. 102). The Court determined Mr. Hill was facing a two year statutory maximum sentence. (Sup. Rel. trans. p. 102). Based upon conduct alleged during the hearing, the District Court sentenced Mr. Hill to a statutory maximum term of imprisonment of 24 months to be followed by 12 months of supervised release. (Sup. Rel. trans. p. 105).

<u>SUMMARY OF ARGUMENT</u>

The Defendant, Jacob Hill, requested prior counsel file this appeal on his behalf as it is his belief and position the District Court committed error during the Supervised Release Revocation Hearing.  Mr. Hill contends the District Court erred in determining his supervised release violation as it was based upon insufficient facts to determine a Grade A violation occurred. Specifically, the Defendant contends the District Court erred in improperly determining the appropriate violation grade when determining he violated the terms of his supervised release.

Counsel for Defendant has thoroughly reviewed and addressed all issues raised by Defendant and is submitting to this Honorable Court a Brief addressing all issues raised by Defendant pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

<u>ARGUMENT PURSUANT TO
ANDERS V. CALIFORNIA, 386 U.S. 738 (1967)</u>

**Statement of Applicable Standard of Review:**

The standard of review of an <u>Anders</u> submission is a de novo review of the entire record and all pertinent documents to determine whether the case is wholly frivolous.  <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

**Discussion of Issues:**

I certify I have thoroughly examined and reviewed the record in this case.  This includes all material made available to me by the United States Attorney's Office which includes all investigative reports, interviews, video footage and all other relevant discovery materials.  I have met with and personally interviewed Mr. Hill regarding the case and any relevant facts.  I have also reviewed all pleadings, filings and transcripts of all court proceedings to fully understand and reveal any particular issues to be raised during this appeal.  Upon completion of this analysis, review and research, it is my conclusion the District Court imposed the maximum applicable sentence under the statute and the appeal is without merit.  The facts in this case establish the Court's actions were appropriate when reviewing the record and matter as a whole.

<u>Whether the District Court properly violated the Defendant for a Class
A Violation as the State of North Carolina proceeded against the
Defendant with misdemeanor charges which would result in a Grade
C Violation</u>?

On March 14, 2012, Mr. Hill and Mr. Williams went to a Marathon

Gas Station located in Charlotte, North Carolina. While at the gas station,

Mr. Hill along with Mr. Williams encountered an individual standing outside

of the gas station. As a result of this encounter, Mr. Hill punched the victim

in the face. Subsequently Mr. Williams struck the victim in the face and

head with a pistol. When this occurred, the firearm magazine flew out of the

firearm. Mr. Williams retrieved the magazine as Mr. Hill restrained the

individual. When Mr. Williams returned, both Mr. Hill and Mr. Mr.

Williams dragged the victim to the side of the store. After dragging the

victim to the side of the store, Mr. Hill jumped.

Charlotte-Mecklenburg Police were called to investigate the incident.

Through their investigation, Mr. Hill was arrested and interviewed. Mr. Hill

stated he punched the victim in the face, but only did so as he felt threatened

by the victim's comments. Mr. Hill also stated he did jump, but did not

jump on to the head of the victim to cause bodily injury.

The incident of March 14, 2012 was video taped through numerous

surveillance cameras. This video footage was provided to the District Court

during the supervised release violation hearing. The video footage shows

Mr. Hill approaching the victim as he is standing outside the store.  The

video shows Mr. Hill punching the victim in the face while Mr. Williams had

a gun.  The video shows Mr. Hill placing the victim in a headlock and

dragging him to the side of the store.  Once the victim had been restrained

and taken from the front of the store, further video footage shows Mr. Hill

jumping.  During the hearing, the Defendant elected to testify as to the video

footage and explain his actions.  At the conclusion of the supervised release

violation hearing, the District Court determined the Defendant's testimony

not credible based upon the evidence presented and revoked Mr. Hill's

supervised release.

Mr. Hill contends the District Court erred in determining his actions

constituted a Grade A violation.  Mr. Hill contends his actions constitute

misdemeanors under applicable North Carolina statutes thereby subjecting

him to a term of imprisonment of less than one year.  By committing acts

constituting a crime punishable by less than a one year term of

imprisonment, Mr. Hill contends he is subject to a Grade C violation and a

lower guideline range of imprisonment.

The new law violation as set forth within the probation office's

petition indicates the Defendant will be charged with assault with a deadly

weapon with intent to kill inflicting serious injury and first degree

14

kidnapping.  Both of these North Carolina crimes carry terms of imprisonment of greater than a one year time period and thereby constitute a Grade A violation.  Mr. Hill contends his actions constitute a Grade C violation as the state of North Carolina chose to proceed against him with an assault charge constituting a misdemeanor.  This assault charge is punishable by less than a one year term of imprisonment.

It is well settled that Federal Prosecution following State Prosecution is not barred.  Abbate v. United States, 359 U.S. 187 (1959); United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982); United States v. Musgrove, 581 F.2d 406 (4th Cir. 1978).  Although revocation proceedings are not considered a stage of criminal prosecution, the Supreme Court has held that due process requires revocation proceedings be conducted according to principles of fundamental fairness.  Gagnon v. Scarpelli, 411 U.S. 778 (1973); Black v. Romano, 471 U.S. 606 (1985).  As such, the Federal Court was free to proceed with supervised release allegations against Mr. Hill as the supervised release hearing was not a criminal prosecution.  Additionally, the Federal Court was free to proceed with allegations against Mr. Hill even though the State Court had proceeded against Mr. Hill with misdemeanor charges as opposed to felony charges as set forth within the probation officer's new law violation.

The District Court may revoke a Defendant's supervised release only where a violation of a condition has been shown by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); <u>United States v. Meeks</u>, 25 F.3d 1117, 1123 (2d Cir. 1994). The District Court determined the Defendant's testimony was not credible. The District Court determined the video footage as admitted during the hearing provided sufficient evidence to determine a Class A violation occurred. Thereby this Court revoked Mr. Hill's term of supervised release and imposed a sentence pursuant to a Grade A violation.

The District Court determined the Government had shown by a preponderance of the evidence the new law violation existed as alleged in the petition. (Sup. Rel. trans. p. 73). Specifically, the Court determined "the Government has shown that the Defendant did assault with a deadly weapon with intent to kill inflicting serious injury, or at least aided and abetted the same, and likewise the Defendant did commit first degree kidnapping, or aided and abetted the same." (Sup. Rel. trans. pp. 73-74). The Court went on to state "Specifically as to kidnapping, the Court does believe the purpose of the kidnapping was to do serious bodily harm. And as an alternative, also to terrorize the person so restrained and remove him – remove that person from an entrance of the convenience store gas station." (Sup. Rel. trans. p. 74). The Court then went on to note it had heard the testimony of the

16

Defendant and the Court did not find the testimony very credible as the testimony was directly inconsistent with the videotaped footage provided and shown during the supervised release violation hearing. (Sup. Rel. trans. p. 74).

As stated above, Mr. Hill contends his actions were insufficient to constitute a Grade A violation. Mr. Hill contends his actions would only result in a Grade C violation thereby providing him with a lesser guideline sentencing range.

The guideline range set forth within the United States Sentencing Guidelines is subject to and restrained by a statutory maximum sentence. Whether Mr. Hill violated the terms of his supervised release by and through a Grade A or Grade C violation, Mr. Hill was subject to a twenty four month maximum term of imprisonment.

The District Court may revoke a Defendant's supervised release where a violation had been shown by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); Id. The District Court had sufficient evidence to determine by a preponderance of the evidence Mr. Hill violated the terms of his supervised release and that conduct constituted a Grade A violation. Under North Carolina law an assault with deadly weapon with intent to kill inflicting serious injury (N.C.G.S. § 14-32) and first degree kidnapping

(N.C.G.S. § 14-39) are Class C and E felonies.  Per the North Carolina structured sentencing guidelines, both Class C and E felonies carry a term of imprisonment  of greater than one year as required by <u>United States v. Simmons</u>, 635 F.3d 140 (4th Cir. 2011).

If it is determined by this Honorable Court there was insufficient evidence before the District Court Mr. Hill committed a Grade A violation then a Grade C violation would be appropriate.  If it is determined by this Honorable Court the District Court erred finding a Grade A violation and a Grade C violation is appropriate, Mr. Hill respectfully requests he be resentenced in accordance with the guideline range as set forth within U.S.S.G § 7B1.4

<u>CONCLUSION</u>

Based on the foregoing, there appears to be no evidence or case law to show the District Court abused its discretion, improperly applied applicable law or otherwise committed legal error.  As such, undersigned Counsel is presenting this Anders brief to the court, having conscientiously examined the record of the case and having determined there is no meritorious ground for appeal.  Under the directive of the Anders case, the undersigned counsel invites the court to review the entire record and all pertinent documents in this case to determine whether there is any other issue that is not frivolous. Counsel stands ready to brief and argue any issue so identified by the court.

Respectfully submitted this 4th day of October 2012.

/s/ D. Baker McIntyre III
Attorney Bar Number: 19168
Attorney for Appellant
200 E. Woodlawn Road, Suite 118
Charlotte, NC  28217
Telephone: 704/522-8001
Fax #704/522-0533
E-mail: bmcintyre3@bellsouth.net

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*3,344*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: October 4, 2012            /s/ D. Baker McIntyre, III
                                  *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 4th day of October, 2012, I caused this

Brief of Appellant to be filed electronically with the Clerk of the Court using

the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

>  Amy E. Ray
>  OFFICE OF THE U.S. ATTORNEY
>  100 Otis Street, Room 233
>  Asheville, North Carolina  28801
>  (828) 271-4661
>
>  *Counsel for Appellee*

I further certify that on this 4th day of October, 2012, I caused the

required copies of the Brief of Appellant to be hand filed with the Clerk of

the Court.

I also certify that I caused a copy of the Brief of Appellant to be

served, via U.S. Mail, postage prepaid, upon the following:

>  Jacob Ivan Hill
>  Register #20772-058
>  FCI Edgefield
>  Federal Correctional Institution
>  Post Office Box 725
>  Edgefield, South Carolina  29824
>
>  *Appellant*

>                                        /s/ D. Baker McIntyre, III
>                                        *Counsel for Appellant*